IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-481-BO-KS

RAVISH SACHAR AND SPOUSE )
JIGNASA SACHAR, )
                                  )
        Plaintiffs, )
                                  )
v.                              )         O R D E R
                                  )
RESIDEO TECHNOLOGIES, INC., a )
Delaware Corporation, and FIRST ALERT, )
INC., a Delaware Corporation, BRK )
BRANDS, INC., a Delaware Corporation, )
                                  )
        Defendants. )

This cause comes before the Court on defendants' motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded, defendants have replied, and the motion is ripe for disposition. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiffs instituted this action by filing a complaint in Wake County, North Carolina Superior Court. [DE 1-1]. Defendants removed the case to this Court pursuant to its diversity jurisdiction. [DE 1]. In their complaint, plaintiffs' allege state law claims for unfair and deceptive trade practices, breach of the warranty of merchantability, breach of the implied warranty of fitness, negligence, gross negligence, and negligent misrepresentation. Plaintiffs' claims arise from a burglary of their home in Wake County.

Plaintiffs allege that they were the owners of a substantial collection of jewelry acquired when they were married and throughout their lives. Their jewelry collection had an appraised value

in excess of $800,000 and held great sentimental value for plaintiffs. Plaintiffs had stored their jewelry in a safe deposit box at their bank but began to research home safes so that they could enjoy their jewelry at home.

Defendant First Alert specializes in residential safety technology for consumers, including smoke alarms, carbon monoxide alarms, and home safes. Defendant BRK Brands markets similar technology for commercial customers. Defendant Resideo is the parent company of First Alert and BRK Brands. Plaintiffs researched and reviewed defendants' marketing materials related to the safes that they sell. Plaintiffs purchased one of defendants' safes in June 2016, specifically the First Alert 6.7 Cubic Sq. Ft. Fire Resistant Executive Digital Safe, Model 2583DF (hereinafter "Safe"), to store their jewelry and other valuables. Plaintiffs chose this safe based on defendants' marketing materials, which represented that the Safe was specifically designed to prevent trespass of its common entry points by using concealed interior door hinges and three one-inch live locking steel bolts, which could allegedly withstand attempts at entry through the use of crowbars. The Safe was also marketed as having pry-resistant concealed hinges to provide protection from thieves.

Plaintiffs arrived at home on December 1, 2023, to discover their home had been burglarized and their jewelry collection had been stolen. Plaintiffs contacted the Wake County Sheriff's Office, which discovered a small crowbar next to the opened Safe. The Wake County Sheriff's Office determined that plaintiffs' Safe had been accessed using minimal pressure with a crowbar placed within the seal of the front door of the Safe. In essence, the Safe plaintiffs had purchased was easy to open and the thieves were able to steal all of plaintiffs' jewelry. Plaintiffs have been unable to recover any of their jewelry.

Plaintiffs allege that defendants' marketing materials are designed to fool customers into believing that the Safe provides a unique form of safety and protection. Plaintiffs further allege that defendants knew their marketing materials contained false representations or that defendants should have known their representations were false.

Defendants have moved to dismiss plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). They argue that the economic loss rule bars plaintiffs' negligence and unfair and deceptive trade practice claims and that plaintiffs' breach of warranty claims are untimely. Plaintiffs oppose dismissal of each of their claims.

DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

As the Court has diversity jurisdiction over this action, it applies the substantive law of North Carolina to plaintiffs' state law claims. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013). Under North Carolina law, the economic loss doctrine provides that "a tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract." *Spillman v. Am. Homes of Mocksville, Inc.*, 108 N.C. App. 63, 65 (1992). And when a party "asserts that the subject matter of a contract has, in its operation or mere existence, caused injury to itself or failed to perform as bargained for, the damages are merely economic, and a purchaser has no right to assert a claim for negligence against the seller or the product's manufacturer for those economic losses under the economic loss rule." *Crescent Univ. City Venture, LLC v. Trussway Mfg., Inc.*, 376 N.C. 54, 62 (2020).

> The rationale for the economic loss rule is that the sale of goods is accomplished by contract and the parties are free to include, or exclude, provisions as to the parties' respective rights and remedies, should the product prove to be defective. To give a party a remedy in tort, where the defect in the product damages the actual product, would permit the party to ignore and avoid the rights and remedies granted or imposed by the parties' contract.

*Moore v. Coachmen Indus., Inc.*, 129 N.C. App. 389, 401–02 (1998)

Here, plaintiffs allege that the Safe failed to perform as bargained for. But they argue that their losses, the stolen jewelry, are not economic, and thus their negligence claims are not barred by the economic loss rule. The Court disagrees. Damages to the product itself are economic losses. *Wilson v. Dryvit Sys., Inc.*, 206 F. Supp. 2d 749, 753 (E.D.N.C. 2002). Additionally, "when a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." *Id.* Examples of such damage include water damage to flooring due to a malfunctioning door, internal home damage caused by faulty external cladding, and a

4

recreational vehicle and its contents destroyed by fire due to a faulty power unit. *Id.* (citing cases); *see also Kelly v. Georgia-Pac. LLC*, 671 F. Supp. 2d 785, 793 (E.D.N.C. 2009).

Here, plaintiffs allege the Safe failed to perform as intended by failing to protect their valuable jewelry inside from theft because the door of the Safe was, contrary to defendants' marketing, easily breached using a crowbar. In other words, a defective component of the system caused damage to the rest of the system. *Kelly*, 671 F. Supp. 2d at 793. As defendants point out, the Court is unaware of any North Carolina decisions addressing the economic loss rule in the context of a safe and its contents. However, in *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1176 (4th Cir. 1997), the Fourth Circuit applied Virginia's economic loss rule to claims arising from a defective safe and a stolen coin collection. The plaintiff was the owner of the stolen coin collection whose home had been burglarized while he was away. The safe in which the coins were kept had been pried open by the burglars. *Id.* at 1177. As here, the plaintiff brought breach of warranty and negligent warranty and design claims against the manufacturer of the safe. The Fourth Circuit noted that Virginia law provides that an economic loss is a loss which "flows from the failure of the product to perform as expected." *Id.* at 1182. Though Redman argued that the economic loss rule did not preclude recovery because the harm was to property other than the product, the Fourth Circuit disagreed. The court of appeals held that the economic loss rule applied to Redman's claims because "[a]lthough his claim is based on harm to property other than the safe itself, his loss arose because the safe did not protect the coin collection from burglars in accordance with his expectations." *Id.* at 1183.

Plaintiffs' arguments fail to persuade the Court that Virginia's economic loss rule is so distinguishable that *Redman*'s holding is not persuasive. To the contrary, North Carolina defines economy loss just as Virginia does – loss caused by the failure of the product to perform as

5

"bargained for" or expected. *Crescent Univ. City Venture*, 376 N.C. at 62. Plaintiffs also contend that the damage in this case is to "other property," and the loss is therefore recoverable in tort. *See Ford v. All-Dry of the Carolinas, Inc.*, 211 N.C. App. 197 (2011). But, at bottom, what plaintiffs allege is that the Safe failed to perform as expected and keep their valuables safe from theft. As the cases above illustrate, under North Carolina law this is an economic loss. Plaintiffs' negligence claims are barred by the economic loss rule.

Defendants next argue that the economic loss rule also applies to plaintiffs' unfair and deceptive trade practices claim. *See Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006). Indeed, where, as here, an unfair and deceptive trade practices claim is based on a manufacturer being aware of a defect in the design of its product causing it to fail to perform as expected, but failing to notify its customers of the same, it appears that the economic loss rule operates to bar such a claim. *See Buffa v. Cygnature Constr. & Dev., Inc.*, 251 N.C. App. 526, 796 S.E.2d 64 (Table) (2016) (finding plaintiffs' unfair and deceptive trade practice claim in essence a breach of warranty claim). As argued by defendants, plaintiffs' unfair and deceptive trade practices claim is intertwined with, or based on the same alleged conduct as, their breach of warranty claims. Moreover, as to plaintiffs' reliance on defendants' marketing materials which claimed "a significantly higher and distinct level of protection for clients seeking to protect valuables appraised at high dollar amounts," [DE 1-1] at 6, plaintiffs cannot rely on puffery to support an unfair and deceptive trade practices claim. *See Solum v. Certainteed Corp.*, 147 F. Supp. 3d 404, 412 (E.D.N.C. 2015) ("General statements of comparison or superiority are puffery and are not actionable as a matter of law."). Finally, plaintiffs have not pleaded any fraud or fraudulent inducement. *See Bradley Woodcraft, Inc. v. Bodden*, 251 N.C. App. 27, 34 (2016) (fraud claims not barred by economic loss rule); *Wheeler v. BMW of N. Am. LLC*, 534 F. Supp. 3d 527, 534

(W.D.N.C. 2021) (noting that courts have declined to extend economic loss rule to unfair and deceptive trade practice claims where fraud has been alleged in the inducement of the contract). This claim is therefore also dismissed.

As to plaintiffs' breach of warranty claims, they are barred by the statute of limitations, and plaintiffs' arguments for equitable tolling are unavailing. Courts are permitted to apply the affirmative defense of a statute of limitations at the motion to dismiss stage where it is apparent from the face of the complaint and where "'the plaintiff's potential rejoinder to the defense is foreclosed by the allegations in the complaint.'" *In re Gardasil Prods. Liab. Litig.*, 743 F. Supp. 3d 726, 736 (W.D.N.C. 2024) (alteration omitted) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)).

Plaintiffs' breach of warranty claims are subject to a four-year statute of limitations. N.C. Gen. Stat. § 25-2-725. Plaintiffs purchased their safe in June 2020, and thus their claims expired in June 2024. This action was not filed until July 2025. Plaintiffs do not argue that their claims were brought within the limitations period.

Plaintiffs do argue that equitable tolling should apply because defendants have fraudulently concealed material facts. "The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from concealing a fraud, or committing a fraud in a manner that it concealed itself until the defendant could plead the statute of limitations to protect it." *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) (cleaned up); *see also Jones v. BMW of N. Am., LLC*, No. 1:20-CV-00057, 2020 WL 5752808, at *4 (M.D.N.C. Sept. 25, 2020) (applying fraudulent concealment tolling analysis to breach of warranty claims). To be entitled to equitable tolling, the defendant must have fraudulently concealed facts which form the basis of the plaintiff's claim and the plaintiff must have failed to discover those facts within the statute of

7

limitations, despite the exercise of due diligence. *Supermarket of Marlinton*, 71 F.3d at 122. Here, as noted above, plaintiffs have failed to plead any fraud or fraudulent inducement. Moreover, plaintiffs have not pleaded any facts which would plausibly show that they exercised diligence in attempting to uncover any facts concealed by defendants. As equitable tolling does not apply, plaintiffs' breach of implied warranty claims are properly dismissed as barred by the statute of limitations.

## CONCLUSION

Accordingly, defendants' motion to dismiss the complaint [DE 10] is GRANTED. Plaintiffs' complaint is DISMISSED and the clerk is DIRECTED to close the case.

SO ORDERED, this __17__ day of February 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE